## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHESAPEAKE ENERGY ) <br>
CORPORATION, An Oklahoma ) <br>
corporation, ) <br>
) <br>
     Plaintiff, ) <br>
) <br>
vs. )     Case No. 5:07-cv-00318-C <br>
) <br>
TXD SERVICES LP, a Texas ) <br>
limited Partnership, ) <br>
) <br>
     Defendant. ) <br>

### DEFENDANT, COUNTER-PLAINTIFF TXD SERVICES, LP'S
### REQUESTED JURY INSTRUCTIONS

Defendant, Counter-Plaintiff TXD Services, LP (TXD) hereby submits its

requested jury instructions in compliance with the Scheduling Order entered by this

Court.

Respectfully Submitted,

 s/ Lance E. Leffel
Terry W. Tippens, OBA #9027
Mark K. Stonecipher, OBA #10483
Lance E. Leffel, OBA #19511
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-8820
(405) 232-0621:  Telephone
(405) 232-9659:  Facsimile
*ttippens@fellerssnider.com*
*mstonecipher@fellerssnider.com*
*lleffel@fellerssnider,com*

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2008, I electronically transmitted the foregoing to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to those parties registered for ECF in this case:  Jesse R. Pierce, Michael G. Harris and Fred R. Gipson.

 s/ Lance E. Leffel
Lance E. Leffel

429280.4/73953

## REQUESTED JURY INSTRUCTION NO. 1
### *(To be given at beginning of trial)*

### ISSUES IN THE CASE

On or about February 16, 2006, Chesapeake, as operator, and TXD, as drilling contractor, executed four IADC (International Association of Drilling Contractors) daywork drilling contracts (the "Drilling Contracts"). Under the Drilling Contracts, TXD was to furnish four new Schramm Model 180 drilling rigs together with all other pumps and equipment necessary to drill wells. TXD contends it provided Rig 201 in full compliance with the requirements of the contract and contends Chesapeake should be required to honor the Drilling Contracts. Chesapeake rejected rig 201 and contends it did not meet the contract requirements and seeks to be relieved of its contractual obligations. These are the issues for you to decide.

Chesapeake alleges it required, and that TXD represented, the drilling rigs to be furnished by TXD under the Drilling Contracts would be capable of hoisting a load of 230,000 pounds. Chesapeake alleges when the first drilling rig was delivered, representatives of Schramm, the manufacturer of the drilling mast, told Chesapeake the drilling rig and the other three rigs that they were in the process of manufacturing for TXD were only rated to 180,000 pounds. Schramm later increased its rating from 180,000 pounds to 200,000 pounds. Chesapeake refused to accept the first rig and gave notice of cancellation of all four Drilling Contracts alleging TXD breached the terms of the Drilling Contracts and/or misrepresented the manufacturer's hoist rating of the drilling rigs.

Chesapeake seeks a declaratory judgment canceling, terminating, and/or rescinding the Drilling Contracts for one or more of the following reasons:  (a) breach of contract, (b) misrepresentation, and/or (c) failure of consideration.

TXD is in the business of building and operating drilling rigs.  TXD contracted with Chesapeake to supply four TXD Rotadrill rigs.  The rigs were to be used in Arkansas and Oklahoma for a period of 24 months drilling horizontally in the Fayetteville shale.  Each rig is equipped with a TXD 180 Tele-Mast manufactured by Schramm.  As specified in the four Drilling Contracts, the TXD 180 Tele-Mast has a 180,000 pound pull rating, with a 135% safety factor.  This rating was stated in the contract and was known to Chesapeake before it entered the contracts.  TXD agreed it would pull "intermittently" up to a weight of 230,000 pounds on the TXD 180 Equipment because it had been told the rig was designed with a minimum of a 2 to 1 safety factor.  Prior to signing the Drilling Contracts Chesapeake had been sent a letter stating that the rating of the rig is 180,000 pounds.  After Chesapeake received the letter, the first rig and all its component parts were built by TXD, to Chesapeake's specifications, at a cost of approximately $7.6 million per rig.

The first drilling rig (rig #201) was delivered to Chesapeake in February of 2007.  TXD alleges the delivered rig met or exceeded the contract specifications.  Chesapeake refused to accept rig 201 alleging it would not pull (intermittently) 230,000 pounds.

TXD alleges the rig's pulling capacity was confirmed through independent tests performed by the Woolslayer Company.  TXD alleges two separate tests were performed by Woolslayer on February 24 and 26, 2007 confirming rig 201 could pull (intermittently) up

to 243,000 pounds without difficulty.

Despite the Woolslayer tests and TXD offering indemnification, Chesapeake refused to honor the contract and further stated that it would not honor the contract for the remaining three rigs.

TXD alleges Chesapeake's wrongful refusal of rig 201 and termination of the Drilling Contracts constitute a breach of the parties' agreements and that Chesapeake has no valid reason for its refusal to perform.  TXD seeks damages for Chesapeake's breach of the Drilling Contract for rig 201 as specifically provided in the contract.  As to rigs 202, 203 and 204, TXD seeks liquidated damages, as provided in the Drilling Contracts in the amount of $500,000 per rig or $1.5 million dollars.  TXD alleges that is far less than it has been actually damaged on those three rigs.  In addition, TXD seeks its attorneys' fees, costs and interests and such other relief as may be just and proper.

REFUSED        _____
GIVEN          _____
EXCEPTED       _____

AUTHORITY:

OUJI-Civ.2d No. 2.1

## REQUESTED JURY INSTRUCTION NO. 2
### *(To be given at beginning of trial)*

## ORDER OF TRIAL

The case will proceed in the following order:

FIRST, Plaintiff Chesapeake Energy Corporation will make an opening statement outlining its case.  Defendant, Counter-Plaintiff TXD Services, L.P. will also make an opening statement outlining its case immediately after Chesapeake's opening statement. Neither of the parties is required to make an opening statement.  What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce.

SECOND, Chesapeake will introduce evidence in support of its claims.  At the conclusion of Chesapeake's case, TXD may introduce evidence.  TXD, however, is not obliged to introduce any evidence or to call any witnesses.  If TXD introduces evidence, Chesapeake may then introduce rebuttal evidence.

THIRD, the parties may present closing arguments to you as to what they consider that the evidence has shown and as to the inferences which they contend you should draw from the evidence.  What is said in closing argument, just as what is said in opening statement, is not evidence.  The arguments are designed to present to you the contentions of the parties based on the evidence introduced.  Chesapeake has the right to open and to close the argument.

FOURTH, I will instruct you on the law which you are to apply in reaching your verdict.

REFUSED      _____
GIVEN        _____
EXCEPTED    _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions: Civil</u>, § 70.02 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 3
### *(To be given at beginning of trial)*

### PROVINCE OF COURT AND JURY

After the evidence has been heard and arguments and instruments are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.

REFUSED      _____
GIVEN        _____
EXCEPTED     _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 70.06 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 4

## ADMONITION PRIOR TO COURT'S RECESS

You will not be required to remain together while the court is in recess. It is important that you obey the following instructions with reference to the recesses of the court:

FIRST: Do not discuss the case either among yourselves or with anyone else during the course of the trial. In fairness to the parties to this lawsuit you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

SECOND: Do not permit any person to discuss the case in your presence, and if anyone does so despite your telling him not to, report that fact to the court as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel necessary to bring to the attention of the court.

THIRD: Though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

FOURTH:  Do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial.  If a newspaper headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may contain matters which are not proper evidence for your consideration.  You  must base your verdict solely on what is brought out in court.

FIFTH:  Do not do any research or make any investigation about the case on your own.

SIXTH:  Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

REFUSED        _____
GIVEN          _____
EXCEPTED       _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 70.15 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 5

### GENERAL INTRODUCTION –
### PROVINCE OF THE COURT AND JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what the opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

REFUSED       \_\_\_\_\_
GIVEN         \_\_\_\_\_
EXCEPTED      \_\_\_\_\_

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 71.01 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 6

## ALL PERSONS EQUAL BEFORE THE LAW - ORGANIZATIONS

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

REFUSED          _____
GIVEN            _____
EXCEPTED         _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 71.04
(4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 7

### BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

REFUSED         \_\_\_\_\_
GIVEN           \_\_\_\_\_
EXCEPTED      \_\_\_\_\_

AUTHORITY:

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 5.1 (1997)

## REQUESTED JURY INSTRUCTION NO. 8

### EVIDENCE

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated. The arguments and statements of the attorneys are not evidence.

It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. When I have sustained an objection to a question, you are to disregard the question, and may draw no inferences from the wording of it or speculate as to what the witness would have said if permitted to answer.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, I am not, unless expressly stated, indicating any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.


REFUSED          _____
GIVEN            _____
EXCEPTED         _____


AUTHORITY:

O'Malley, Grenig & Loe, Federal Jury Practice and Instructions, Vol. 3 - Civil, §§ 103.30 and 102.71 (5th ed. 2000)

## REQUESTED JURY INSTRUCTION NO. 9

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

REFUSED          _____
GIVEN            _____
EXCEPTED         _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 72.03 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 10

### INFERENCES DEFINED

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

REFUSED          _____
GIVEN            _____
EXCEPTED         _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 72.04 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 11

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. However, such charts or summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

REFUSED          _____
GIVEN            _____
EXCEPTED         _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 72.09 (4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 12

## CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In determining the credibility of a witness, you may also consider evidence that the witness has been convicted of a felony, that is, an offense punishable by death or imprisonment for in excess of one year, or convicted of a crime that involved dishonesty or false statement, regardless of the punishment.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.

Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

REFUSED        \_\_\_\_\_
GIVEN          \_\_\_\_\_
EXCEPTED     \_\_\_\_\_

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 73.01
(4th ed. 1987)

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions: Civil, § 105.05
(5th ed. 2000)

## <u>REQUESTED JURY INSTRUCTION NO. 13</u>

## IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

REFUSED        _____
GIVEN          _____
EXCEPTED       _____

<u>AUTHORITY</u>:

3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions: Civil</u>, § 73.04
(4th ed. 1987)

## REQUESTED JURY INSTRUCTION NO. 14

## BREACH OF CONTRACT - INTRODUCTION

A contract is breached or broken when a party does not do what it promised to do in the contract.

REFUSED        \_\_\_\_\_
GIVEN          \_\_\_\_\_
EXCEPTED       \_\_\_\_\_

AUTHORITY:

OUJI-Civ.2d No. 23.21 (modified)
Arkansas Model Instruction 3027 (modified)
*Zufari v. Architecture Plus*, 914 S.W.2d 756 (1996)

**REQUESTED JURY INSTRUCTION NO. 15**

**ELEMENTS OF BREACH OF CONTRACT**

In this case TXD and Chesapeake each allege the other has breached the four Drilling Contracts. Each party has the burden of proof on its claim of breach of contract. In order for either party to recover on its claim of breach of contract, the party must prove by a preponderance of the evidence the following elements of a claim for breach of contract:

(1)     Formation of a contract between Chesapeake and TXD;

(2)     A breach by the other party by showing that the breaching party failed to do what it promised in the drilling contract; and

(3)     Damages as a direct result of the breach.

The parties stipulate that the daywork drilling contracts for rigs 201, 202, 203 and 204 were valid contracts between Chesapeake and TXD.

In order to find in favor of Chesapeake and against TXD on the issue of breach of contract, you must find:

(1)     Formation of a contract between Chesapeake and TXD;

(2)     That TXD breached the contract by failing to deliver a drilling rig that substantially conformed to the requirements of the drilling contract.

In Order to find in favor of TXD and against Chesapeake on the issue of breach of contract, you must find:

(1)     Formation of a contract between Chesapeake and TXD;

(2)     That Chesapeake failed to do what it promised in the drilling contract;

    (3)     Damages to TXD as a direct result of the breach.


REFUSED          \_\_\_\_\_
GIVEN             \_\_\_\_\_
EXCEPTED      \_\_\_\_\_

<u>AUTHORITY</u>:

OUJI-Civ.2d No. 23.1

## REQUESTED JURY INSTRUCTION NO. 16

## FRAUDULENT INDUCEMENT TO CONTRACT

In this case, Chesapeake alleges TXD fraudulently induced it to enter the drilling contracts.  Chesapeake bears the burden of proving it was fraudulently induced to enter the drilling contracts by proving each of five essential elements of a claim of fraudulent inducement:

(1)    That TXD made a false representation of material fact concerning the contract;

(2)    That TXD knew that the representation was false when it was made;

(3)    That the representation was made for the purpose of inducing Chesapeake to enter into the contract;

(4)    That Chesapeake reasonably relied upon the representation; and

(5)    That Chesapeake would not have entered into the contract except for the false representation.

If you find that Chesapeake has proven each of these propositions by clear and convincing evidence, then your verdict should be for the Plaintiff, Chesapeake Energy Corporation.

REFUSED          _____
GIVEN            _____
EXCEPTED         _____

<u>AUTHORITY</u>:

Arkansas Model Instruction 3033
*Bullard v. Carroll,* 621 S.W.2d 484, 486 (Ark. App. 1981)
*Zufari v. Architecture Plus,* 914 S.W.2d 756 (1996)
*TXO Production Corp. v. Page Farms, Inc.,* 698 S.W.2d 791 (1985)

## REQUESTED JURY INSTRUCTION NO. 17

## BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

REFUSED        _____
GIVEN          _____
EXCEPTED       _____

AUTHORITY:

OUJI-Civ.2d No. 3.2

## REQUESTED JURY INSTRUCTION NO. 18

### KNOWINGLY - DEFINED

A misrepresentation is made "knowingly" if the speaker stated the fact when he or she knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth.

REFUSED       _____
GIVEN         _____
EXCEPTED      _____

AUTHORITY:

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil, § 73.04
(4th ed. 1987) (defining "knowing" action with regard to provision of false testimony)

OUJI-Civ.2d No. 18.1 (element number 3 as to "knowing" false representation)

## REQUESTED JURY INSTRUCTION NO. 19

## INTERPRETATION OF CONTRACTS - IN GENERAL

In this case, you will need to decide the meaning of the following terms of the contract:

- Derrick or Mast: Make, Size, and capacity, "Schramm Tele-Mast 180,000 lbs. with 135% safety factor."

- 3.1 Well Depth: The well(s) shall be drilled to a depth of approximately 9500 feet, or to the Fayetteville Shale formation, whichever is deeper, but the Contractor shall not be required hereunder to drill said well(s) below a maximum depth of TMD of 10,000' or 230k feet, unless Contractor and Operator mutually agree to drill to a greater depth.

To do this you must decide what the intent of the parties was when they made their contract.

To decide what their intent was you should first examine the language of the contract. You may also consider the circumstances under which the parties made the contract, and what the parties themselves believed the term meant as shown by the evidence.

A contract should be interpreted so that it is lawful, reasonable and capable of being carried out, if this can be done without changing the intention of the parties.

REFUSED       _____
GIVEN          _____
EXCEPTED    _____

AUTHORITY:

OUJI-Civ.2d No. 23.11

## REQUESTED JURY INSTRUCTION NO. 20

## MEANING OF WORDS

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense.

If parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a different sense.

If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

REFUSED        _____
GIVEN          _____
EXCEPTED       _____

AUTHORITY:

OUJI-Civ.2d No. 23.13

## REQUESTED JURY INSTRUCTION NO. 21

### ANTICIPATORY REPUDIATION

A contract is breached or broken, even if the time for performance has not arrived, when one party notifies the other or acts in such a way that it is clear that they do not intend to do what was promised in a contract.  This is for anticipatory repudiation.

When one party to a contract, either through words or actions, repudiates the contract or otherwise manifests their ascent not to do what they have promised, the other party to the contract is justified in treating the contract as breached, has no further obligation to perform under the contract, and may immediately sue for damages.


REFUSED          _____
GIVEN            _____
EXCEPTED         _____


AUTHORITY:

OUJI-Civ.2d No. 23.28, and notes on use, modified
*Eke Builders, Inc. v. Quail Bluff Associates*, 714 P.2d 604, 608 (Okla. Ct. App. 1985)
*Hidalgo Properties, Inc. v. Wachovia Mortgage Co.*, 617 F.2d 196, 199 (10th Cir. 1980)
*Stocker v. Hall*, 602 S.W.2d 662 (Ark. 1980)

<u>**REQUESTED JURY INSTRUCTION NO. 22**</u>

**PREVENTION OF PERFORMANCE**

A party is relieved of the duty to perform a contract if the other party to the contract prevented it from performing.

REFUSED       _____
GIVEN         _____
EXCEPTED    _____

<u>AUTHORITY</u>:

OUJI-Civ.2d No. 23.38

## REQUESTED JURY INSTRUCTION NO. 23

## GENERAL MEASURE OF DAMAGES -- CONTRACT

If you decide for TXD on its claim for breach of contract, you must then fix the amount of damages. This is the amount of money, if any, that is needed to put TXD in as good a position as it would have been had the contract not been breached. In this case, the contract specifies the damage remedy and you should apply the contractual remedy as further instructed herein.

REFUSED     \_\_\_\_\_
GIVEN       \_\_\_\_\_
EXCEPTED    \_\_\_\_\_

AUTHORITY:

OUJI-Civ.2d No. 23.51
Arkansas Model Instruction 3012 (modified)

## REQUESTED JURY INSTRUCTION NO. 24

## TERMS OF THE DRILLING CONTRACT

In deciding whether Parties' claims are covered by the terms of the IADC daywork drilling contracts, you must be mindful that rights and obligations of the parties are governed by the terms and conditions of the contract itself.   When the terms of the contract are unambiguous and clear, the employed language must be given its ordinary, plain meaning.

REFUSED   _____
GIVEN   _____
EXCEPTED   _____

AUTHORITY:

15 O.S. § 151 (all contracts, whether public or private, are to be interpreted by the same rules, except as otherwise provided by law)

15 O.S. § 154 (the language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity)

15 O.S. § 155 (when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to other provisions of this Article)

Arkansas Model Instruction 3012 (modified)

*Dugal Logging, Inc. v. Arkansas Pulpwood Co.*, 988 S.W.2d 25 (Ark. App. 1994)

## REQUESTED JURY INSTRUCTION NO. 25

## THE TERMS OF THE CONTRACT -- DAMAGES

Should you find in favor of Defendant, Counter-Plaintiff TXD Services, LP, on its claim for breach of contract as to rig 201, you must determine the appropriate measure of damages.  In determining TXD's damages as a result of Chesapeake's breach of the parties' drilling contracts, you should consider the following terms from the parties' agreement:

> Paragraph 27.4, Early Termination:  In the event of any time prior to the end of the term of this contract, operator shall pay contractor an amount equal to the number of days remaining multiplied by the standby rate in paragraph 4.6.  Contractor will credit operator day-rate revenue earned from contracting the rig to another operator subsequent to termination through the remainder of the term.

> Paragraph 4.6 provides: Standby time rate:  $16,000 per twenty-four (24) day.

> Paragraph 6.1, Duration of Contract provides:  This contract shall remain in full force and effect for a term of twenty-four (24) months commencing on the date specified in paragraph 2 above.

> Paragraph 2, Commencement Date provides:  Contractor agrees to use reasonable efforts to commence operations for the drilling of this well by the first day of October 2006 or as soon as the contractor takes delivery of the new rig from the manufacturer.

In addition to the damages provided in Paragraph 27.4 "Early Termination," the parties' agreement contains the following provision:

> Exhibit A, Paragraph 7 "Other Provisions"

> ******Contractor agrees to furnish a trailer-mounted and diesel-powered 2500 CPM x 1500 PSi mobile air package complete with booster at a rate of $3,000.00 per day while on Contractor's rig for the term of this contract.

In accordance with the parties' contract, the "Operator" is Chesapeake Energy Corporation and the "Contractor" is TXD Services, LP.

REFUSED       _____
GIVEN         _____
EXCEPTED      _____


<u>AUTHORITY</u>:

Arkansas Model Instruction 3042 (modified)

See AMI 3042 Notes on use:  "Complete this instruction with the measure of damages permitted by law <u>or</u> the measure agreed upon by the parties in their contract."

## REQUESTED JURY INSTRUCTION NO. 26

## THE TERMS OF THE CONTRACT -- LIQUIDATED DAMAGES

Should you find in favor of TXD on its claim of breach of contract as to rigs 202, 203 and 204, you must determine the appropriate measure of damages incurred by TXD as a result of Chesapeake's breach of each of the contracts for rigs 202, 203 and 204.   In determining the amount of damages you should consider the following terms from the parties' contracts:

      6.4.    Early Termination Compensation:

      (a)    Prior to commencement:  In the event operator terminates this contract prior to commencement of operations hereunder, operator shall pay contractor as liquidated damages and not as a penalty a lump sum of $500,000.00.

The parties agree that the contracts for rigs 202, 203 and 204 were terminated prior to commencement of operations. The parties entered a separate contract as to each rig 202, 203 and 204.  Paragraph 6.4 "Early Termination Compensation" is identical in each contract.

REFUSED    _____
GIVEN    _____
EXCEPTED  _____

AUTHORITY:

*McAllister v. McIlroy Bank*, 654 S.W.2d 591 (Ark. App. 1983) (If the parties' contract provides for liquidated damages, the amount of the liquidated damages should be inserted as the sole element of damages if the provision is mandatory.)

## REQUESTED JURY INSTRUCTION NO. 27

## SUBSTANTIAL PERFORMANCE

A party is not required to perform each and every term of a contract completely and exactly in order to recover for its breach. A party who has substantially performed a contract is entitled to recover.

TXD's performance is substantial if it proves all of the following:

1.      Chesapeake received substantially what the contract required;

2.      Any omissions, deviations or defects can be corrected without difficulty; and

3.      TXD acted in good faith in intending to perform its part of the contract.

REFUSED  _____
GIVEN    _____
EXCEPTED _____

AUTHORITY:

OUJI Section 23.23
*Prudential Ins. Co. of America v. Stratton*, 685 S.W.2d 818 (Ark. Ct. App. 1985)

## REQUESTED JURY INSTRUCTION NO. 28

## MEASURE OF DAMAGES:  SUBSTANTIAL PERFORMANCE

If you find that TXD substantially performed the contract, then it is entitled to recover the full price stated in the contract that has not already been paid less the cost of correcting any omissions, deviations or defects that TXD caused.

If you find that TXD did not substantially perform the contract, then its recovery is limited to the reasonable value of its performance less what it has already received.

REFUSED        _____
GIVEN          _____
EXCEPTED       _____

AUTHORITY:

OUJI Section 23.56

## REQUESTED JURY INSTRUCTION NO. 29

## UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES

In order to award damages to TXD you must be satisfied by the greater weight of the evidence that it did in fact suffer a loss which was caused by the breach.  Once you are satisfied that TXD did suffer such a loss, you should award damages even if you are uncertain as to the exact amount.  The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

REFUSED     _____
GIVEN       _____
EXCEPTED    _____

AUTHORITY:

OUJI Section 23.52

## REQUESTED JURY INSTRUCTION NO. 30

### ENTIRE CONTRACT

A contract is to be interpreted as a whole, and the overall intention of the parties is controlling over the separate parts of a contract.

If possible, each part of a contract must be used to help interpret the other parts, but if one part is wholly inconsistent with the general intention of the parties, it should be rejected.

When a contract is partly printed and partly typed [hand-written], then the typed [hand-written] part is controlling over the printed part should there be any inconsistencies between these parts.

Where several contracts make up a single transaction, then they should be interpreted together.

REFUSED   \_\_\_\_\_
GIVEN   \_\_\_\_\_
EXCEPTED \_\_\_\_\_

AUTHORITY:

OUJI Section 23.12
Arkansas Model Instruction 3019
*KAD-Razorback Ltd. Partnership v. B.G. Coney Co.*, 713 S.W.2d 462 (Ark. 1986)

## REQUESTED JURY INSTRUCTION NO. 31

### REMEDY: RESCISSION

### [Advisory to the Court]

No instruction should be given.

REFUSED     _____
GIVEN       _____
EXCEPTED    _____

AUTHORITY:

OUJI Section 23.55

## REQUESTED JURY INSTRUCTION NO. 32

## CLOSING ARGUMENTS

You will now hear the arguments of counsel.  You are reminded that the lawyers' statements and arguments, are not evidence.  What they have said in their opening statements and during the trial, and what they will say in their closing arguments, is intended to help you interpret the evidence, but it is not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

REFUSED         _____
GIVEN           _____
EXCEPTED        _____

AUTHORITY:

## REQUESTED JURY INSTRUCTION NO. 33

## CLOSING

You will note from the oath about to be taken by the bailiff, that during the course of your deliberations, the bailiff, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

When you retire you should elect one juror as your foreperson.  That person will preside over the deliberations and speak for you with the Court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  You must not use any method of chance in arriving at your verdict.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial and conscientious manner under your oaths and return such verdict as the evidence warrants under these instructions.

A verdict form will be sent to the jury room with you, along with these written instructions of the Court.  I suggest you study the verdict form early in your deliberations

so you know what you must decide. All of you must agree on a verdict. When you have reached a decision, the foreperson will fill in, date and sign the verdict form. Notify the bailiff by a written note to the Court when you have agreed on a verdict, so that you may return it in open Court.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff signed by your foreperson. In the message to do not tell me how you stand on your verdict. No member of the jury should ever attempt to communicate with me except by a signed writing.

The verdict of the jury in this case must be unanimous, which means that each juror must agree on it. It is your duty, as jurors, to consult with one another to deliberate with a view to reaching an agreement, if that can be done without disregard of individual judgment.

Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence in the case with fellow jurors. In the course of deliberations, a juror should not hesitate to reexamine his or her own views and change an opinion, if convinced it is erroneous, but no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict.

Signed this _____ of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

REFUSED        _____
GIVEN          _____
EXCEPTED       _____


<u>AUTHORITY</u>:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHESAPEAKE ENERGY CORPORATION, An Oklahoma corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 5:07-cv-00318-C |
| TXD SERVICES LP, a Texas limited Partnership, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT, COUNTER-PLAINTIFF TXD SERVICES, L.P.'S
REQUESTED JURY INSTRUCTIONS**

**VERDICT FORM**

We the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths,

find as follows:

**PART I:      BREACH OF CONTRACT**

On the parties' claim for breach of contract, we the jury find:

☐      For the Defendant TXD Services, LP, and against Chesapeake Energy
Corporation on TXD's claim for breach of the drilling contract for rig #201
and award compensatory damages in the amount of $_____.

☐      For TXD Services, LP, and against Chesapeake Energy Corporation on
TXD's claim for breach of contract as to the contracts for rigs 202, 203 and
204, and award compensatory damages in the amount of
$_____.

☐      For the Plaintiff, Chesapeake Energy Corporation, and against Defendant,
TXD Services, L.P. on Chesapeake's claim for breach of contract as to rigs
201, 202, 203 and 204.