**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHESAPEAKE ENERGY CORPORATION** §<br>**An Oklahoma corporation**, §<br>§<br>    **Plaintiff,** §<br>§<br>v. §<br>§<br>**TXD SERVICES LP, a Texas limited** §<br>**Partnership,** §<br>§<br>    **Defendant.** § | Case No. 5:07-cv-00318-C |

### CHESAPEAKE ENERGY CORPORATION'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

    Chesapeake Energy Corporation ("Chesapeake") respectfully requests that the court submits the attached jury instruction.

    Respectfully submitted,

       s/Jesse R. Pierce
Jesse R. Pierce, *pro hac vice*
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Tel: (713) 751-3200
Fax: (713) 751-3290
jpierce@kslaw.com

                Michael G. Harris
                OBA #3903
                Fred Gipson
                OBA # 14236
                P.O. Box 18496
                Oklahoma City, OK 73154-0496
                (405) 879-3195 - Harris
                (405) 879-9346 - Gipson
                (405) 879-9531 - fax
                mharris2@chkenergy.com
                fgipson@chkenergy.com

                ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

     I certify that on January 31, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

        Lance E. Leffel
        Mark K. Stonecipher
        Terry W. Tippens
        Fellers Snider Blakenship Bailey & Tippens P.C.
        100 N. Broadway Ave.
        Suite 1700
        Oklahoma City, OK 73102-8820
        405-232-0621
        Fax: 405-232-9659
        ttipens@fellerssnider.com
        mstonecipher@fellerssnider.com
        lleffel@fellerssnider.com


                            s/Jesse R. Pierce

**CHESAPEAKE'S SUPPLEMENTAL
REQUESTED JURY INSTRUCTION**

Chesapeake respectfully requests the Court to submit the following jury instruction in connection with TXD's damages question:

You are instructed that a party who claims damages resulting from a breach of contract has a duty under the law to use reasonable diligence to avoid or minimize those damages.

TXD may not recover for any item of damage that it could have avoided through reasonable effort. If you find by a preponderance of the evidence TXD unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny it recovery for those damages which it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether TXD acted reasonably in avoiding or minimizing its damages. An injured party may not sit idly by when presented with an opportunity to reduce its damages. However, it is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Chesapeake has the burden of proving the damages that TXD could have mitigated.[1]

_____        ACCEPTED

_____        REFUSED

_____        MODIFIED AS FOLLOWS: _____

---

[1] *See* Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions,</u> Instr. 77-7 (2006); O'Malley, Kevin F., Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions: Civil §128.50 (6th Ed. 2000); *Bill C. Harris Construction Co., Inc. v. Powers*, 554 S.W.2d 332, 336 (Ark. 1977); *Gibson v. Lee Wilson & Co.*, 200 S.W. 2d 497, 502 (Ark. 1947).