**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHESAPEAKE ENERGY CORPORATION** § <br> **An Oklahoma corporation**, § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **TXD SERVICES LP, a Texas limited** § <br> **Partnership,** § <br> § <br> **Defendant.** § | Case No. 5:07-cv-00318-C |

### CHESAPEAKE ENERGY CORPORATION'S OBJECTION TO TXD SERVICES LP'S REQUESTED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Chesapeake Energy Corporation ("Chesapeake") respectfully submits the attached objections to TXD Services LP's Requested Jury Instructions.

Chesapeake respectfully requests separate rulings on each objection.

Respectfully submitted,

  s/Jesse R. Pierce  
Jesse R. Pierce, *pro hac vice*
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Tel: (713) 751-3200
Fax: (713) 751-3290
jpierce@kslaw.com

>                                    Michael G. Harris
>                                    OBA #3903
>                                    Fred Gipson
>                                    OBA # 14236
>                                    P.O. Box 18496
>                                    Oklahoma City, OK 73154-0496
>                                    (405) 879-3195 - Harris
>                                    (405) 879-9346 - Gipson
>                                    (405) 879-9531 - fax
>                                    mharris2@chkenergy.com
>                                    fgipson@chkenergy.com
>
>                                    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on January 31, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

> Lance E. Leffel
> Mark K. Stonecipher
> Terry W. Tippens
> Fellers Snider Blakenship Bailey & Tippens P.C.
> 100 N. Broadway Ave.
> Suite 1700
> Oklahoma City, OK 73102-8820
> 405-232-0621
> Fax: 405-232-9659
> ttipens@fellerssnider.com
> mstonecipher@fellerssnider.com
> lleffel@fellerssnider.com

                                             s/Jesse R. Pierce

# CHESAPEAKE'S OBJECTION TO TXD'S
# REQUESTED JURY INSTRUCTION NO. 25

Chesapeake objects to TXD's Requested Jury Instruction No. 25 to the extent that TXD attempts to include an instruction requiring the jury to consider Exhibit A, Paragraph 7 of the IADC Drilling Contracts in calculating damages. Such an instruction is misleading and violates the unambiguous terms of the contracts. The contracts contain an express provision regarding the calculation of damages and do not include any reference to TXD's agreement to furnish a trailer mounted and diesel-powered 2500 CPM x 1500 PSi mobile air package or to Exhibit A, Paragraph 7. TXD's attempt to include such an instruction is an attempt to recover additional and/or consequential damages, which is contrary to the express terms of the contracts.[1] Accordingly, the Court should revise TXD's Requested Jury Instruction No. 25 to omit any reference to Exhibit A, Paragraph 7 of the contracts.

_____    SUSTAINED

_____    OVERRULED

---

[1] Section 14.12 of the contracts prohibits the recovery of consequential damages.

## CHESAPEAKE'S OBJECTION TO TXD'S
## REQUESTED JURY INSTRUCTION NO. 29

Chesapeake objects to TXD's Requested Jury Instruction No. 29 as misleading in that it implies that damages do not have to be proved to a reasonable certainty. Under Arkansas law, damages must be proved to a reasonable certainty and speculative damages will not be allowed to stand. *Sumlin v. Woodson*, 199 S.W.2d 936, 938 (Ark. 1947); *Reynolds Termite and Pest Control, Inc. v. Brady*, 2003 WL 1735642 at *2 (Ark. App. 2003). Accordingly, Chesapeake requests that TXD's Requested Jury Instruction No. 29 be modified as follows:

In order to award damages to TXD you must be satisfied by a preponderance of the evidence that it did in fact suffer a loss which was caused by the breach. Once you are satisfied that TXD did suffer such a loss, you should award the damages you believe were proved to a reasonable certainty.

_____   ACCEPTED

_____   REFUSED

_____   MODIFIED AS FOLLOWS: _____