**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHESAPEAKE ENERGY CORPORATION an Oklahoma corporation, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 5:07-cv-00318-C |
| TXD SERVICES LP, a Texas limited partnership, | § § § § | |
| Defendant. | § | |

**FINAL JOINT PRETRIAL REPORT**

All counsel who will appear at trial:

Appearing for Plaintiff:____Jesse R. Pierce, Mike Harris, Fred Gipson, Shelby Wilson____

Appearing for Defendant:___Terry W. Tippens, Mark Stonecipher, Lance E. Leffel_____

**Jury Trial** ☒       **Non-Jury Trial** ☐

1.    **BRIEF PRELIMINARY STATEMENT.**  State <u>briefly</u> and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

In February 2006, Chesapeake, as operator, and TXD, as drilling contractor, executed four IADC daywork drilling contracts (the "Drilling Contracts").  Under the Drilling Contracts, TXD was to furnish four new Schramm Model 180 drilling rigs.  TXD delivered the first of the rigs on February 2, 2007.  Upon its arrival rig 201 was rejected by Chesapeake for reasons that are now immaterial.  Chesapeake also termintated the contracts for the remaining three rigs.   This Court has determined Cheseapeake

improperly terminated the contracts for the rigs.   TXD seeks to recover the contractual damages it sustained as a result of Chesapeake's breach of the contract as to rig 201. Chesapeake disputes the amount of TXD's damages.   This is the issue for you to determine.

**Plaintiff's Position:**        Chesapeake contends that TXD failed to exercise reasonable care to mitigate its damages by leasing the TXD180 rigs to other companies.  Chesapeake also contends that TXD cannot establish future damages with reasonable certainty.

**Defendant/ Counter-Plaintiff's Position:**        TXD contends Chesapeake's wrongful termination of the drilling contracts has caused actual economic damages to TXD in excess of $30 Million Dollars.   TXD's damages may be determined from the plain language of the parties' contract.  Applying Paragraph 27.4, which actually limits TXD's damages , TXD's  contractual damages will total $11,711,394.00.

**2.     JURISDICTION.**  The basis on which the jurisdiction of the Court is invoked. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.   The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

**3.**    __STIPULATION OF FACTS.__  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

1.    All parties are properly before this Court, and this Court has jurisdiction over the parties and subject matter of the litigation.

2.    Chesapeake is an Oklahoma corporation which maintains its principal place of business in Oklahoma City, Oklahoma.

3.    TXD is a Texas limited partnership which maintains its principal place of business in Fort Worth, Texas.

4.    In February, 2006, Chesapeake, as operator, and TXD, as drilling contractor, executed four IADC daywork drilling contracts (the "Drilling Contracts"). The Drilling Contracts cover four new drilling rigs.

5.    The Drilling Contracts were negotiated and executed in Oklahoma City, Oklahoma, and Fort Worth, Texas.

6.    On February 2, 2007, TXD delivered the first of the drilling rigs, rig #201, to  Chesapeake in Arkansas.

7.    Chesapeake rejected all four of the rigs.

8.    The Court has determined Cheseapeake improperly rejected all four rigs and determined damages as to rigs 202, 203 and 204.  The remaining issue for trial is the amount of damages allowed pursuant to the parties' contract, for rig 201.

4.    **LEGAL ISSUES.**  State separately, and by party, each disputed legal issue and the authority relied upon.

Resolved by summary judgment.

5.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

   A.    **Plaintiff:**

Plaintiff contends that Defendant failed to mitigate any actual damages it may have incurred.  Under Arkansas law, the measure of damages for breach of a contract for employment for a fixed term is the amount that the injured party would have earned had he been allowed to work for the full term of the contract, less such amounts as he might have earned in a similar business.  *Dickinson v. Atkins*, 132 Ark. 84, 200 S.W. 817, 821 (Ark. 1918).   The "general rule [is] that the measure of damages in a breach of employment contract case is the wages which were to be paid less any sum earned in mitigation."  *Western Grove School Dist. v. Strain*, 288 Ark. 507, 707 S.W.2d 306308 (Ark. 1986).   When the injured party earns more from other employment than the amount that would have been received under the contract, there are no damages.  *Larry v. Grady School Dist,*, 82 Ark.App. 185, 119 S.W.3d 528, 530 (Ark.Ct.App. 2003).

In Arkansas, as in most jurisdictions, a party is required to exercise reasonable care to avoid or minimize its damages.  *Western Union Telegraph Co. v. Ivy*, 102 Ark. 246, 143 S.W. 1078, 1080 (Ark. 1912); *Gibson v. Lee Wilson & Co.*, 211 Ark. 300, 200 S.W.2d 497, 502 (Ark. 1947).  A party cannot recover damages that could have been avoided or lessened by the exercise of reasonable care.  *Bill C. Harris Constr. Co. v.*

*Powers*, 262 Ark. 96, 554 S.W.2d 332, 336 (Ark. 1977); *Taylor v. George*, 92 Ark. App. 264, 212 S.W.3d 17, 24 ((Ark. Ct. App. 2005).

> **B.**    **Defendant Counter-Plaintiff**:

1.    **TXD Should Proceed As Plaintiff.**   The Court denied Plaintiff Chesapeake's Motion for Summary Judgment and granted Defendant TXD's Motion for Partial Summary Judgment with regard to contract liability.   Therefore, for the purposes of the remaining jury trial as to damages the Defendant TXD will assume the role as Plaintiff on its counterclaim and Chesapeake will become the Defendant.

2.    **Contractual Damages** The Daywork Drilling Contract for Rig 201 contains rate provisions for drilling at $16,000 per day, a mobile air package, trailer and booster at $3,000 per day, mobilization charges at $29,500 to $59,500 per move and demobilization charges of $63,500.   However, the parties negotiated a "Special Provision" Paragraph 27.4 as a liquidated damage provision.   This Paragraph 27.4 was furnished entirely by Chesapeake and to the extent it has any ambiguity it must be construed against Chesapeake.   This special damage provision reads as follows:

> "27.4 Early Termination:  In the event of any time prior to the end of the term of this Contract, Operator shall pay Contractor an amount equal to the number of days remaining multiplied by the Standby Rate in Paragraph 4.6. Contractor will credit Operator day rate revenue earned from contracting the rig to another operator subsequent to termination through the remainder or [of] the term."

The standby rate in Paragraph 4.6 is $16,000 per 24-hour day.  Special Provision 27.4 therefore provides both the exclusive damage remedy and the contractual mitigation obligation which is similar to common law.  However, it also serves as a liquidated

damage provision because TXD, in Paragraph 14.12, was required to give up all claims for $3,000/day rate for mobile air packages and consequential damages which will greatly exceed the $16,000 per day contractual damage allowed.  Chesapeake's default caused TXD to lose its permanent loan takeout commitment and it will be demonstrated at trial that its actual economic loss will exceed $50 million.  Therefore, any attempt by Chesapeake to argue or suggest that $16,000 per day throughout the remaining term of the Contract is excessive or not appropriate should be rejected because this was the precise damage remedy which Chesapeake proposed in lieu of consequential and other contractual obligations. They cannot have it both ways, because TXD would prefer to prove its actual economic damages which it has suffered and which would greatly exceed the maximum of $11,711,394.00 its limited by the contract to recover.

3.     **The Contract Should be Enforced as Written.**  Likewise, the $16,000 per day contractual damages should not be reduced for any variable costs saved for days the rig is idle because TXD's variable costs saved are less than the $3,000 a day which TXD gave up for air equipment rental and lost mobilization and demobilization revenue over the life of the Contract of $2 million.  Further, the negotiated Early Termination clause in the parties' agreement makes no mention of the requirement of offsetting the $16,000 liquidated damages by any variable costs saved.  The parties agreement should be enforced as it is written. *See Love v. Couch,* 28 S.W.2d 1067, 1069 (Ark. 1930) (It is a familiar rule of contract construction that the language of a contract, if not doubtful, must be enforced as written.)

4. **Mitigation of Damages.** With regard to mitigation, TXD was desperately in need of cash flow and through great effort and expense (although only reasonable care is required) obtained several replacement drilling contracts. *See Western Grove School District v. Strain,* 707 S.W.2d 306 (Ark. 1986)(A party must use reasonable care, effort or expenditure in mitigating damages.) The duty to mitigate is not without limitation. *See Taylor v. George*, 212 S.W.3d 17 (Ark. App. 2005) (Pursuant to the doctrine of avoidable consequences, a party is required to take only those steps needed to avoid damages as may be taken at a small expense or with reasonable exertion, and where the expense is so large as to make the requirement impractical, the doctrine has no application.)   TXD certainly had no incentive to purposely avoid receipt of immediate cash lease income merely to enhance a future, contested damage claim.

Chesapeake bears the burden of proving its failure to mitigate defense. *See Quality Truck Equipment Company v. Layman*, 912 S.W.2d 18 (Ark. App. 1995) (The determination of whether one has acted reasonably in mitigating damages is a question of fact and the burden of proving that a party could have avoided some or all of the damages by acting prudently rests on the party asserting lack of mitigation.)  Significantly, TXD, at all times, has been in control of Rig 201 and has standing under its lease purchase financing agreement with D.B. Zwirn to use the rigs either to drill for itself or others. However, Chesapeake's breach of the four contracts which caused a loss of revenue stream of over $50 million will likely cause TXD to lose rig 201 and the other rigs.  This will only increase TXD's actual damages suffered as a result of Chesapeake's breach.  In the event that Chesapeake's breach leads to the loss of rig 201, Chesapeake will have

destroyed TXD's ability to mitigate its damages any further.  Chesapeake cannot expect, and the law does not require, TXD to mitigate if Chesapeake's default results in the destruction of TXD's ability to mitigate.  *See Taylor v. George*, 212 S.W.3d 17 (Ark. App. 2005).

5.      **TXD is entitled to recover the benefit of its bargain pursuant to the contract for rig 201.**  Pursuant to Arkansas law, the purpose of a breach of contract case "is to place the injured party in a position as beneficial as he would have been in if the contract had been performed; in short, to give him the benefit of his bargain."  Howard W. Brill, *Arkansas Law of Damages § 4-1.  See also Country Corner Food and Drug, Inc. v. Reiss*, 737 S.W.2d 672 (Ark. 1987).

Here, the parties agreed to a "benefit of the bargain" damages model in Paragraph 27.4 of their agreement.  Applying Paragraph 27.4, through the term of the Lease, TXD's total Rig 201 damages including interest allowed in the Contract will total $11, 711, 394.

6.      **Interest.**  Because the Contract provides at Paragraph 5.2 that any sums not paid shall bear interest at the rate of 1 1/2% from the due date until paid, TXD also seeks interest on the $1.5 million liquidated damage judgment granted which, according to the Contract was invoiced and billed to Chesapeake in March of 2007.  This is not a matter for the jury but a matter for the Court's calculation and inclusion in the final judgment.

7.      **Attorney fees.**  TXD also seeks attorney fees pursuant to Paragraph 21 which will be a matter for the Court's determination after a jury verdict has been rendered.

8.      **Objections to Chesapeake's Amended Witness List.**  Finally, TXD objects to certain pre-trial submissions made this week by Chesapeake.  Chesapeake amended its

witness list disclosures adding to the scope of testimony of several of its witnesses. Although not included in any prior disclosure, including the final witness list served by Chesapeake, Chesapeake now asserts witnesses Darvin Knapp, Steven W. Miller, Sam McCaskill, Greg Pearce and David Winchester will testify concerning the rig market in 2007, and presumably 2008.  Depositions of all of these Chesapeake employees were taken, and with the exception of Darvin Knapp, who breifly testified as to a very tight rig market in early 2006, and Steve Miller who briefly testified the market for rigs softened in 2007, no one spoke concerning markets and no questions were asked concerning damages or the market as to rigs.  As this was not disclosed as part of these witnesses proposed testimony, no questions were asked on these topics.  It is inappropriate, now that Chesapeake has learned that it is going forward on a damage only trial, to expand the scope of the testimony of these witnesses and they should not be permitted to do so. TXD's claim for damages is not new, and Chesapeake cannot reasonably argue that this 11th hour amendment was due to a surprise or change of issues.

6.   **EXHIBITS.**  The following exclusionary language **MUST** be included:

**Exhibits not listed will not be admitted by the Court unless good cause be shown and justice demands their admission.**

A.   **Plaintiff:**

| NUMBER (PREMARKED FOR TRIAL) | | | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 1 | 02/16/06 | Daywork Drilling Contract re rig 201 [CHK Disclosure Ex. 1] | | |
| 2 | 02/16/06 | Daywork Drilling Contract re rig 202 [CHK Disclosure Ex. 2] | | |
| 3 | 02/16/06 | Daywork Drilling Contract re rig 203 [CHK Disclosure Ex. 3] | | |
| 4 | 02/16/06 | Daywork Drilling Contract re rig 204 [CHK Disclosure Ex. 4] | | |
| 5 | 12/21/05 | Joe Poe e-mail to Darvin Knapp re interest in rig [TXD00017] | | |
| 6 | 01/09/06 | Joe Poe e-mail to Darvin Knapp re inability to reach Dave Winchester and Chesapeake's interest in the new rigs [CHK00000192; TXD-00018] | | |
| 7 | 01/09/06 | Joe Poe e-mail to Darvin Knapp re small window to obtain additional carrier rigs and trailer rigs [CHK00000193; TXD-00019] | | |
| 8 | 02/10/06 | Joe Poe e-mailto Darvin Knapp re revised contract and meeting with Shell [CHK00000208] | | |
| 9 | 04/11/07 | Daywork Drilling Contract between PetroHawk Operating and TXD re Rig 201 [TXD00519 - TXD00519J] | | |
| 10 | 05/01/07 | Master Daywork Drilling Contract between Marathon Oil Company and TXD re Rig 201 [TXD00572 - TXD00634] | | |
| 11 | 05/09/07 | Marathon Oil Company Job Order No. 1 re Rig 201 [TXD00670 - TXD00678] | | |

| NUMBER (PREMARKED FOR TRIAL) | | | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 12 | 09/20/07 | Daywork Drilling Contract between SEECO and TXD Services re Rig 201 [TXD00659 - TXD00669] | | |
| 13 | 09/01/07 | Daywork Drilling Contract between Kerogen Resources and TXD Services re Rig 202 [TXD-00521 - TXD00531] | | |
| 14 | 11/01/07 | Daywork Drilling Contract between Noble Energy Production and TXD Services re Rig 202 [TXD-00682 - TXD00694] | | |
| 15 | 01/15/08 | Daywork Drilling Contract between EurEnergy-SH Exploration and TXD Services re Rig 203 [TXD00695 - TXD00708] | | |
| 16 | | Chart re Rig 201 Revenue | | |
| 17 | | Daywork Contract between Chevron and TXD Services re Rig 201 (not produced as of this date) | | |
| 18 | | Replacement Contracts for Rig 204 (not produced as of this date). | | |

**B.    Defendant Counter-Plaintiff:**

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 1 | | Daywork Drilling Contract re rig 201 | | |
| 2 | | Daywork Drilling Contract re rig 202 | | |
| 3 | | Daywork Drilling Contract re rig 203 | | |
| 4 | | Daywork Drilling Contract re rig 204 | | |
| 5 | | Schramm, Inc. TXD Rotadrill Specifications [TXD00001-TXD00002] | | |
| 6 | 12/16/03 | Article re TXD 130 Depo. Ex. Yost 2 | | |
| 7 | 11/10/05 | E-mail from Darvin Knapp (CEC) to Joe Poe re: interest in contracting 4 to 7 drilling rigs for Fayetteville Shale in Arkansas and requesting inventory of one of the 450HP rigs rated at 6500' TVD and 4 to 6 rigs rated to 9500' for horizontal drilling [TXD0003] | | |
| 8 | 11/11/05 | E-mails from Joe Poe to Darvin Knapp re: Schramm Rotadrills Rotary Top Head Drilling Rigs and T130XD rig [TXD00005-TXD00009] | | |
| 9 | | E-mail from Joe Poe to Darvin Knapp, cc: B. Lynton and Eric Freeman re: rates and agreement [TXD00010-TXD00011] | | |
| 10 | 11/15/05 - 11/16/05 | E-mail from Joe Poe to Darvin Knapp, cc: B. Lynton re: "Mobile Rigs for Arkansas"; working rig identified outside of Ft. Worth ready for inspection [TXD00013 – TXD00014] | | |
| 11 | 11/16/05 | E-mail from Darvin Knapp to Joe Poe regarding Mobile Rigs for Arkansas [Depo. Ex. Knapp 4] | | |
| 12 | 12/05/05 | E-mail from Joe Poe to Darvin Knapp – Schramm standing by for info [TXD00016] | | |
| 13 | 12/05/05 | E-mail from Darvin Knapp to Steve Miller regarding small rigs TXD 180s are good fit for Fayetteville | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 14 | 12/15/05 | E-mail from Steve Miller to Darvin Knapp regarding Rigs [Depo. Ex. Knapp 3] | | |
| 15 | 12/15/05 | E-mail from Dave Winchester to Darvin Knapp regarding rigs "there is concern with the derrick rating being on the light side for our needs" | | |
| 16 | 12/21/05 | E-mail from Joe Poe to Darvin Knapp re: new air / mud rigs [TXD00017] | | |
| 17 | 12/28/05 | E-mail string between Steve Miller and Tom Ward regarding Joe Poe - Rigs / Fayetteville Shale [Depo. EX. Knapp 5] | | |
| 18 | | DUPLICATIVE - WITHDRAWN | | |
| 19 | 01/09/06 | E-mail from Joe Poe to Darvin Knapp re: new rigs and contracts [TXD00018] | | |
| 20 | 01/09/06 | E-mail from Joe Poe to Darvin Knapp re carrier rigs [TXD00019] | | |
| 21 | 01/12/06 | Letter from Frank C. Gabriel Jr., PE (Schramm) to Joe Poe (TXD) re telemast depth ratings [TXD00020] | | |
| 22 | 01/13/06 | E-mail from Greg Pearce to Joe Poe regarding Fayetteville Rigs [S000166] | | |
| 23 | 01/17/06 | E-mail from Joe Poe to Darvin Knapp re: contracts [TXD00021] | | |
| 24 | 01/09/06 | E-mail from Joe Poe to Darvin Knapp regarding Arkansas rigs | | |
| 25 | 01/23/06 | E-mail fro Greg Pearce to Darvin Knapp enclosing the 1/12/06 letter from Schramm, Inc. | | |
| 26 | 01/23/06 | E-mail string from Greg Pearce to Darvin Knapp; Subject: Schramm Rig Letter [Depo. Ex. Patterson 32] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 27 | 01/24/06 | E-mail fro Steve Donley to David Younglood; Subject: Torque/Drag Analysis [Depo Ex. Knapp 6] | | |
| 28 | 01/25/06 | E-mails between Joe Poe and Darvin Knapp re: "Rough Draft Day Work Contract" [TXD0022 - TXD00023] | | |
| 29 | 01/25/06 | E-mail from Joe Poe to Darvin Knapp attaching photos of single pit system [TXD00024] | | |
| 30 | 01/24/06 - 01/25/06 | E-mail string between Darvin Knapp and Dave Winchester et al. Regarding Torque/Drag Analysis [Depo. Ex. Patterson 31] | | |
| 31 | 01/27/06 | E-mail from Joe Poe to Darvin Knapp, cc: Greg Pearce, Dick Varnel and B. Lynton re: "Arkansas Day Work Contract" and final contract attached [CHK00000054 - CHK00000055] | | |
| 32 | | DUPLICATIVE - WITHDRAWN | | |
| 33 | 02/07/06 | E-mail from Joe Poe to Darvin Knapp attaching revised drilling contract [CHK00000052 - CHK00000053] | | |
| 34 | 02/08/06 | E-mails between Joe Poe, Darvin Knapp re: "Mud Pit Requirements" and slug tank volumes [TXD00028 - TXD00029] | | |
| 35 | 02/08/06 | E-mail from Joe Poe to Darvin Knapp re inspection of Schramm rig [TXD00031] | | |
| 36 | 02/08/06 | E-mails from Joe Poe to Darvin Knapp re "Contract Verbage" [TXD00030 - TXD00032] | | |
| 37 | | DUPLICATIVE - WITHDRAWN | | |
| 38 | 02/09/06 - 02/09/06 | E-mails between Joe Poe, Darvin Knapp, Greg Pearce, Dick Varnel, B. Lynton, Dave Winchester, Bill Roberts, and Russ White re: "Mud Pit Requirements" [TXD00033 - TXD00034] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 39 | 02/09/06 | E-mail from Joe Poe to Darvin Knapp re "Final Revised Contract" and changes attached | | |
| 40 | | DUPLICATIVE - WITHDRAWN | | |
| 41 | 02/10/06 | E-mail from Joe Poe to Darvin Knapp re: "Revised Drilling Contracts" and meeting [TXD00036] | | |
| 42 | 02/10/06 | E-mail from Joe Poe to Darvin Knapp re: revisions to ¶ 4.5, 4.6 and 4.8 [TXD00037] | | |
| 43 | | DUPLICATIVE - WITHDRAWN | | |
| 44 | 02/10/06 | E-mail from Steve Miller to Darvin Knapp regarding final revised contract "Looks ok except early termination which I think we are changing" SVM | | |
| 45 | 02/10/06 - 02/12/06 | E-mail from Darvin Knapp to Dave Winchester - do you see any problems with this contract<br><br>E-mail from Mark Deal to Darvin Knapp regarding final revised contract | | |
| 46 | 02/14/06 | E-mail from Joe Poe to Darvin Knapp re: "Chesapeake Energy Air Units" [TXD00038] | | |
| 47 | 02/16/06 | E-MAIL [TXD00039] | | |
| 48 | 02/17/06 | E-MAIL [TXD00040 - TXD00049] | | |
| 49 | 02/17/06 | E-MAIL [TXD00050] | | |
| 50 | 02/17/06 | E-mail from Steve Miller to Randy Patterson et al. Stating contracts are good to go "as is" [TXD00043 - TXD00045] | | |
| 51 | 02/17/06 | E-mail string between Darvin Knapp and Steven Donley regarding Joe Poe Schramm Rigs [Depo. Ex. Knapp 16] | | |
| 52 | 02/17/06 | Chesapeake's Rig Depth Calculator, attached to Randy Patterson's 2/16/06 e-mail to Mark Deal | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 53 | 02/17/06 | E-mail from Steve Miller to Randy Patterson stating contracts are "good to go as is" | | |
| 54 | | DUPLICATIVE - WITHDRAWN | | |
| 55 | | DUPLICATIVE - WITHDRAWN | | |
| 56 | 03/14/06 | TXD meeting Agenda [S000012] | | |
| 57 | 04/05/06 | E-mail from Joe Poe to Darvin Knapp re "New T130XD Schramm" [TXD00051] | | |
| 58 | 12/18/06 | Appraisal for Rig No. 201, Schramm TXD Rotadrill [TXD00124 - TXD00130] | | |
| 59 | 12/24/06 | E-mail string between Mark Lester and Aubrey McClendon et al. regarding Fayetteville Shale [Depo. Ex. Knapp 12] | | |
| 60 | 12/27/06 | E-mail from Steve Miller to Darvin Knapp - no outs in contract (without attachment) [Depo. Ex. Knapp 14] | | |
| 61 | 12/23/06 - 12/27/06 | E-mail string between Darvin Knapp and Aubrey McClendon et al. regarding Fayetteville Shale [Depo. Ex. Knapp 13] | | |
| 62 | 01/23/07 | Chesapeake Operating, Inc. Authorization for expenditure [Depo. Ex. Patterson 30] | | |
| 63 | 01/31/07 | E-mail from Steve Miller to Darvin Knapp; Subject: Active Rig List as of January 30, 2007 [Depo. Ex. Knapp 17] | | |
| 64 | | DUPLICATIVE - WITHDRAWN | | |
| 65 | 02/09/07 | E-mail from Greg Hillier regarding Daily report TXD [Depo. Ex. Schramm 6; S000083] | | |
| 66 | 02/11/07 | E-mail from Greg Hillier regarding daily report for TXD Rig 201 [S000080] | | |
| 67 | 02/12/07 | E-mail string between Randy Patterson and Rene St. Pierre; Subject: Joe Poe - Schramm Rigs | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 68 | 02/12/07 | E-mail from Randy Patterson to Rene St. Pierre regarding Joe Poe Schramm rigs "looks pretty clear" | | |
| 69 | 02/15/07 | E-mail from Joe Poe to Bob Costello (cc: Dick Varnel) re: "Re: Rig Cancellation Letter" asking time of conference call | | |
| 70 | 02/16/07 | E-mail from Bob Costello to Joe Poe, Dick Varnell and B. Lynton with attached letter discussed on 2/15/07 | | |
| 71 | 02/16/07 | Letter from Robert P. Costello (CEC) to Joe Poe re 2/15/07 teleconference and CEC's proposal to terminate drilling contracts and utilization of Rig 201 to drill Moore 1-5H | | |
| 72 | 02/16/07 | E-mail from Steve Doneley to Rene St. Pierre; Subject Torque and Drag Scenarios. [Depo. Ex. Knapp 19] | | |
| 73 | 02/19/07 | E-mail from Joe Poe to Bob Costello (cc: Darvin Knapp, Dick Varnel, B. Lynton) re: Woolslayer Company, Inc. [TXD00056] | | |
| 74 | 02/19/07 | E-mail from Joe Poe to Bob Costello, cc: Darvin Knapp, Dick Varnell, B. Lynton re: pull test of TXD Rig #201 at GTI Catoosa Test Facility [TXD00057] | | |
| 75 | 02/19/07 | E-mail from Bob Costello to Joe Poe, cc: Darvin Knapp, Dick Varnell, B. Lynton and D. Winchester re: withdrawal of 2/15/07 letter, "[w]e will no longer offer any compromises,..." [TXD00058] | | |
| 76 | 02/20/07 | E-mail from Joe Poe to Bob Costello, cc: Greg Pearce, Dick Varnell, B. Lynton re: Schramm engineers in AR (Greg Hillier and Norm Bennett) and faxing letter [TXD00059] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 77 | 02/20/07 | E-mail from Joe Poe to Bob Costello, cc: Dick Varnell, B. Lynton, Darvin Knapp, Greg Pearce, R. Yeager, D. Winchester re: IADC contracts and pull capacity and test [TXD00060] | | |
| 78 | 02/20/07 | E-mail from Joe Poe to Bob Costello, cc: Dick Varnell, B. Lynton, Darvin Knapp, Greg Pearce, R. Yeager, D. Winchester re: summary of recent events between CEC and TXD [TXD00061 - TXD00062] | | |
| 79 | 02/20/07 | E-mail from Costello to Joe Poe, cc: Dick Varnell, B. Lynton, Darvin Knapp, Greg Pearce, R. Yeager, D. Winchester re: info from Schramm reps, conversations and attaching letter [TXD00063 - TXD00065] | | |
| 80 | 02/20/07 | E-mail from Costello to Joe Poe, cc: Dick Varnell, B. Lynton, Darvin Knapp, Greg Pearce, R. Yeager, D. Winchester requesting Schramm January letter and names of Schramm engineers [TXD00066] | | |
| 81 | 02/21/07 | E-mail from Greg Hillier to Ed Breiner; Subject: Component Limitations for Pull Test [Depo. Ex. Schramm 5; S000047 - 48] | | |
| 82 | 02/21/07 | E-mail from Greg Hillier to Ed Breiner regarding Pull test [Depo. Ex. Schramm 8; S000065] | | |
| 83 | 02/22/07 | E-mail from Greg Hillier to Ed Breiner et al. with daily report regarding pull test on Rig 201 at Woolslayer [S000049 - S000050] | | |
| 84 | 02/23/07 | E-mail from Greg Hillier to Chris Cheeseman, et al regarding pull test [S000046 - S000048] | | |
| 85 | 02/24/07 | E-mail from Greg Hillier to Joe Poe et al. regarding delivery of shims requested by Mark Meredith [S000039] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 86 | | DUPLICATIVE - WITHDRAWN | | |
| 87 | 02/26/07 | E-mail from Joe Poe to Costello; cc: Darvin Knapp, S. Miller, G. Pearce, R. Yeager, Dick Varnel, B. Lynton, D. Winchester, B. Cowles, and C. Grady re: results of pull tests on Rig #201 on 2/24/07 (as requested by Bob Yeager) and CEC's communications with Schramm [TXD00067] | | |
| 88 | 02/26/07 | E-mail from Costello to Joe Poe, cc: D. Knapp, S. Miller, G. Pearce, R. Yeager, Dick Varnel, B. Lynton, D. Winchester, B. Cowles and C. Grady requesting reports of pull tests and scheduling a meeting [TXD-00068 – 69] | | |
| 89 | 02/26/07 | E-mails between Bob Yeager and Bob Costello re: Costello's comments re: "facts of an otherwise very unusual situation" [TXD-00070 – 72] | | |
| 90 | 02/26/07 | E-mail from Costello to Bob Yeager, cc: Joe Poe and Dick Varnell re: must meet prior to making any decision to utilize the rig [TXD-00073 – 75] | | |
| 91 | 02/24/07 - 02/26/07 | E-mail string between Greg Hillier & Ed Breiner regarding Chesapeake [S000036-37] | | |
| 92 | 02/27/07 | E-mail from Greg Hillier to Ed Breiner regarding telephone conference with Bob Costello [Depo. Ex. Hiller 11; S000033] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 93 | 02/28/07 | Second load testing of TDX #J135-0102, Trailer Mounted Rotodrill Mast 180,000# Capacity at GTI Testing Facility in Owasso, Oklahoma; witnessed by Woolslayer (See Woolslayer's Inspection Report IR023-07 and IR023-07 Revision 1)<br><br>Load testing of TDX #J135-0102, Trailer Mounted Rotodrill Mast 180,000# Capacity, Service Report No. E-3758 (Inspection Report IR023-07) by Jerry Bell and Erik Reuterfors (Woolslayer) at GTI Testing Facility in Owasso, Oklahoma; Report dated 02/28/07 and written by Dewayne G. Vogt, Chief Engineer [Depo. Ex. Knapp 22] | | |
| 94 | 03/01/07 | E-mail from Erik Reuterfors to Joe Poe with preliminary inspection report of witnessing load test at GTI facility [TXD-00076] | | |
| 95 | 03/01/07 | E-mail from Gregory Hillier to Joe Poe, cc: E. Breiner re: "Woolslayer Test for TXD J135-0102" re: cylinder area x pressure calculations [TXD-00078] | | |
| 96 | | DUPLICATIVE - WITHDRAWN | | |
| 97 | 03/01/07 | E-mail from Yeager to Costello, cc: Poe and Varnel enclosing Load Testing Report IR023-07 and re: scheduling meeting [TXD-00079] | | |
| 98 | 03/01/07 | E-mail from Joe Poe to Darvin Knapp attaching pull test [TXD-00077] | | |
| 99 | 03/01/07 | Schramm Rig Specs for TXD [S000001-10] | | |
| 100 | 03/01/07 | E-mail from Norman Bennett to Greg Hillier regarding 200,000# rating for TXD [S000031] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 101 | 03/01/07 | E-mail from Greg Hillier to Duane Yost regarding TXD Basic Information [Dep. Ex. Knapp 23 and Knapp 24] | | |
| 102 | 03/05/07 | E-mail from Bob Yeager to Costello, cc: Joe Poe and Dick Varnell re: "Load Testing Report IR023-07" and identity of individuals attending meeting on 3/7/07 (Poe, Varnell, Yeager, Pearce, Sitton, Costello, Knapp, Miller, Winchester, Hood, Hillier and Schramm's VP of Engineering) [TXD00080] | | |
| 103 | 03/05/07 | E-mail from Greg Hillier (Schramm) to Joe Poe and Greg Pearce, cc: E. Breiner (Schramm), N. Bennett (Schramm) and P Christian (Schramm) re: Schramm's "effort to offer a possible solution to [TXD's] contract issue with Chesapeake" by offering an "intermittent hoist rating of 200,000 lbs in a creep mode (25'/min)" [TXD-00082] | | |
| 104 | 03/05/07 | E-mail from Greg Hillier to Joe Poe regarding new hoist rating for TXD [S000028] | | |
| 105 | 03/05/07 | E-mail string between Greg Hillier and Ed Breiner regarding load testing report [S000029-30] | | |
| 106 | 03/06/07 | E-mails between Yeager, Costello, cc: Poe, Varnel, R. Sitton, D. Knapp re: drilling activities at Moore 1-5H and instructions by CEC's field personnel [TXD00083 - 84] | | |
| 107 | 03/01/07 - 03/06/07 | E-mails between Greg Hillier (Schramm) and Bob Costello re: meeting with TXD and Schramm's attendance and Schramm's reevaluation of hoist system and offer [TXD00085 – 88] | | |
| 108 | | DUPLICATIVE - WITHDRAWN | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 109 | 03/06/07 | Greg Hillier e-mail to Joe Poe regarding New Intermittent Rating for TXD [S000023] | | |
| 110 | 03/06/07 | E-mail string from Greg Hillier to Bob Costello regarding load test report [S000024 - S000027] | | |
| 111 | 03/06/07 | E-mail string from Connie Turner to Darvin Knapp attaching rig inventories for TXD rigs | | |
| 112 | | DUPLICATIVE - WITHDRAWN | | |
| 113 | | DUPLICATIVE - WITHDRAWN | | |
| 114 | 03/08/07 | Transmittal Notice from Rachel Kinglsey (Woolslayer) to Joe Poe (TXD) - Inspection Reports IR023-07 and IR024-07 for Trailer Mounted Rotodrill Mast, Office Order No. 1260 [TXD-000109 - 112] | | |
| 115 | 03/08/07 | E-mail from Costello with CEC's offer of $17 million to purchase rigs [TXD00090] | | |
| 116 | 03/08/07 | Letter from Robert P. Costello (CEC) to Joe Poe, Robert L. Yeager, III and Richard L. Sitton re: purchase offer ($17MM) for TXD Rigs 201, 202, 203, and 204 [TXD-00091 – 94] | | |
| 117 | 03/08/07 | E-mail from Costello to Joe Poe, R. Yeager, and R. Sitton re: "Purchase Offer; TXD Rigs 201, 202, 203 & 204" and attaching offer letter [TXD-00095] | | |
| 118 | 03/08/07 | Letter from Costello to Joe Poe, Robert Yeager, Richard Sitton re: follow-up to 3/7/07 meeting and settlement offer [TXD-00101 – 104] | | |
| 119 | | DUPLICATIVE - WITHDRAWN | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 120 | 03/08/07 | E-mail from Costello to Joe Poe, Robert Yeager and Richard Sitton requesting previous offer letter to be disregarded and new letter attached with revision re: conditions of rig and parts [TXD-00096 - 100] | | |
| 121 | | DUPLICATIVE - WITHDRAWN | | |
| 122 | 03/09/07 | E-mail from Joe Poe to Bob Costello, cc: Dick Varnell, Robert Yeager and Richard Sitton with counteroffer [TXD-00105 – 106] | | |
| 123 | 03/10/07 | Memo from Joe Poe to Bob Yeager re: Chesapeake Number for rigs #201, #202, #203 and #204 | | |
| 124 | 03/10/07 | Memo from Joe Poe to Bob Yeager regarding Appraisal Values for Rigs 201-204 | | |
| 125 | 03/13/07 | TXD 180 Rig Cost Schedule – Rig #201 | | |
| 126 | 03/13/07 | E-mail from Joe Poe to Bob Costello, cc: Robert Yeager, Dick Varnel and Greg Pearce with TXD rig information attached [TXD-00113] | | |
| 127 | 03/13/07 | E-mail from Joe Poe to Bob Costello re: will re-send corrected schedule [TXD-00114] | | |
| 128 | | DUPLICATIVE - WITHDRAWN | | |
| 129 | 03/14/07 | E-mail from Joe Poe to Bob Costello, cc: Dick Varnel, Robert Yeager, Greg Pearce and Richard Sitton attaching corrected TXD 180 Rig Cost Schedule – Rig #201 [TXD-00115] | | |
| 130 | 03/15/07 | E-mail from Joe Poe to Bob Costello, Robert Yeager, Dick Varnel, Greg Pearce and Richard Sitton re: automatic pipe handling system [TXD-00116] | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 131 | 03/16/07 | E-mail from Joe Poe to Bob Costello, cc: Dick Varnel and Robert Yeager re: attempt to call and last e-mail not received [TXD-00117] | | |
| 132 | 03/16/07 | E-mail from Joe Poe to Bob Costello, cc: Dick Varnel, Robert Yeager, Greg Pearce and Richard Sitton re: re-sending e-mail [TXD-00118] | | |
| 133 | 03/20/07 | E-mail from Bob Costello to Joe Poe with offer of $20MM and "differences in values"<br><br>TXD offers to sell CED Rigs 201, 202, 203 and 204 for $9,250,000 each or total of $37,000,000 [TXD-00123] | | |
| 134 | 03/31/07 | E-mail from Greg Hillier to Joe Poe regarding Pull test [Depo. Ex. Schramm 9; S000032] | | |
| 135 | 04/19/07 | Photographs of Rig #201 | | |
| 136 | 5/07 - 7/07 | Chesapeake's unpaid invoices from TXD Transport | | |
| 137 | 7/25/07 | E-mail string between Angie Watkins and Shaun Yates of Chesapeake regarding Chesapeake's unpaid invoices to TXD Transport | | |
| 138 | 10/17/07 | Pull Test Report from Dewayne G. Vogt of Woolslayer Companies | | |
| 139 | 11/14/07 | Report of Paul Earl, P.E. | | |
| 140 | 2006 - 2007 | Chesapeake Drilling Schedule for Arkoma District | | |
| 141 | 2/2007 - 2/2008 | Unpaid invoices sent to Chesapeake pursuant to Daywork Contract for Rig 201 | | |
| 142 | | DUPLICATIVE - WITHDRAWN | | |
| 143 | | Various color photos of TXD 180 drilling rig and components | | |
| 144 | | WITHDRAWN | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 145 | | TXD Services, L.P. Inventory for Rigs 201 through 216 | | |
| 146 | | US Land Rig Specs. [Depo. Ex. McCaskill 34] | | |
| 147 | | Chesapeake Rig Data [Depo. Ex. Yost 1] | | |
| 148 | | TXD 180 Load Path Analysis [Depo. Ex. Schramm 2; S000160 -163] | | |
| 149 | | Configuration and Pricing for Rotadrill TXD [S000194-200] | | |
| 150 | | WITHDRAWN | | |
| 151 | | DUPLICATIVE - WITHDRAWN | | |
| 152 | | Schramm drawings of trailer rig for TXD sent to Chesapeake | | |
| 153 | | Financing documents between TXD and CCH [TXD00145 - TXD00233] | | |
| 154 | | Financing documents between TXD and D.B. Zwrin [TXD00234-425; TXD00437-479] | | |
| 155 | | CCH Term Sheet for TXD Drilling Rigs [TXD00480-490] | | |
| 156 | | Documents, including daywork and drilling contracts, evidencing TXD's mitigation of damages re Rig #201 [TXD00491-681] | | |
| 157 | | TXD Services, LP schematic for Rig #201 | | |
| 158 | | Demonstrative exhibit of traditional drilling rig | | |
| 159 | | Demonstrative exhibit outlining differences between traditional rig and TXD 180 | | |
| 160 | | Summary of damages demonstrative exhibit prepared for use at trial | | |
| 161 | | Other demonstrative exhibits and summaries of voluminous exhibits for use at trial | | |

| NUMBER (PREMARKED FOR TRIAL) | | TITLE/DESCRIPTION | OBJECTION | FED. RULE EVIDENCE RELIED UPON |
|---|---|---|---|---|
| 162 | | Deposition transcripts and exhibits as needed, including use for impeachment | | |
| 163 | | Additional documents requested from Plaintiff or discovered as discovery is ongoing | | |
| 164 | | Exhibits listed by Plaintiff not objected to by TXD | | |
| 165 | | Additional documents obtained through subpoenas to third parties | | |

**7.** **WITNESSES.** The following exclusionary language **MUST** be included:

**No unlisted witnesses will be permitted to testify as a witness in chief except by leave of Court when justified by exceptional circumstances.**

A.   Plaintiff:

| NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|
| Darvin Knapp<br>Vice President - Drilling<br>Southern Division | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Mr. Knapp will testify regarding the demand and market for drilling rigs during 2007. |
| Steve Miller<br>Senior Vice President - Drilling | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK  73118<br>405-848-8000 | Mr. Miller will testify regarding the demand and market for drilling rigs during 2007. |
| Sam McCaskill | Nomac Drilling Company<br>c/o Chesapeake Energy Corporation<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Mr. McCaskill will testify regarding the demand and market for drilling rigs during 2007. |
| Greg Pearce<br>Mid-Continent<br>Regional Manager | SPS International<br>727 North Morgan Road<br>Oklahoma City, OK 73127<br>(405) 324-5360 | Mr. Pearce will testify regarding the demand and market for drilling rigs during 2007 and TXD's efforts to lease Rig 201. |
| David Winchester<br>District Manager - Arkoma | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Mr. Winchester will testify regarding the demand and market for drilling rigs during 2007. |

**B.     Defendant/Counter-Plaintiff:**

| NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|
| Joe Poe<br>Managing Partner | TXD Services, LP<br>6300 Ridgelea Place<br>Suite 210<br>Fort Worth, TX 76116<br>(817) 546-3000 | Deposed. |
| Dick Varnell<br>Managing Partner | TXD Services, LP<br>6300 Ridgelea Place<br>Suite 210<br>Fort Worth, TX 76116<br>(817) 546-3000 | Deposed. |
| Greg Pearce<br>Operations Manager | TXD Services, LP<br>1703 N. Cedar Street<br>Morrellton, AR 72110<br>(501) 354-7800 | Deposed. |
| Bob Costello<br>Chesapeake Division<br>Counsel<br>Northern Division | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 879-9395 | Deposed. |
| Darvin Knapp<br>Senior Vice President<br>of Drilling<br>Southern Division | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Deposed. |
| Steve Miller<br>Senior Vice President<br>of Drilling | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Deposed. |
| David Winchester<br>District Manager,<br>Arkoma | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Mr. Winchester may testify regarding the formation of the drilling contracts between Chesapeake and TXD; knowledge of testing of Rig #201 by Schramm; Chesapeake's wrongful termination of the drilling contracts. |
| Randy Patterson<br>Senior Drilling<br>Engineer | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Deposed. |
| William Cowles | William Cowles<br>TXD Transport<br>1703 N. Cedar Street<br>Morrellton, AR 72110<br>(501) 354-7800 | Mr. Cowles may testify regarding delivery of drilling Rig #201 to Chesapeake in Arkansas. |

| NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|
| Mark Deal<br>Manager, Drilling<br>Engineer<br>Northern Division | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Mr. Deal may testify regarding the negotiation of the drilling contracts; assessments of drilling needs of Chesapeake before entry of the contracts. |
| Frank Gabriel, Jr., PE<br>Schramm, Inc. | 800 E. Virginia Avenue<br>Westchester, PA<br>(610) 696-2500 | Deposed. |
| Greg Hillier<br>President | Schramm, Inc.<br>800 E. Virginia Avenue<br>Westchester, PA<br>(610) 696-2500 | Deposed. |
| Edward Breiner<br>Schramm, Inc. | 800 E. Virginia Avenue<br>Westchester, PA<br>(610) 696-2500 | Deposed. |
| Norm Bennett<br>Schramm, Inc. | 800 E. Virginia Avenue<br>Westchester, PA<br>(610) 696-2500 | Deposed. |
| Eric Reuterfors<br>Woolslayer Companies | P. O. Box 216<br>Tulsa, OK 74101-0216<br>(918) 523-9191 | Mr. Reuterfors may testify regarding the load testing performed on TXD Rotadrill Rig #201. |
| Dewayne Vogt<br>Chief Engineer | Woolslayer Companies<br>P. O. Box 216<br>Tulsa, OK 74101-0216<br>(918) 523-9191 | Mr. Vogt may testify regarding the load and pull testing performed on TXD Rotadrill Rig #201 and results of same. |
| Charles Grady | Charles Grady<br>Premium Pipe Supply<br>1703 N. Cedar Street<br>Morrellton, AR 72110<br>(501) 354-7800 | Mr. Grady may testify regarding the pull capabilities and operation of Rig #201. |
| Mark Merideth<br>Operations Manager | Premium Pipe Supply<br>1703 N. Cedar Street<br>Morrellton, AR 72110<br>(501) 354-7800 | Mr. Merideth may testify regarding the pull capabilities and operation of Rig #201. |
| Charles Dolby<br>Sales Manager | Schramm, Inc.<br>800 E. Virginia Avenue<br>Westchester, PA<br>(610) 696-2500 | Mr. Dolby may testify regarding the capabilities of TXD Rotadrill rig. |
| Dwayne "Pop"<br>Freeman | Red's Satellite Service, Co.<br>1002 Oak Street<br>Abilene, TX 79602<br>(325) 676-4376 | Mr. Freeman may testify about his observation of pull testing performed on Rig #202 and the use of monitoring equipment he provided for the testing. |

| NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|
| Duane Yost | Yost Drilling Co.<br>c/o Chesapeake Energy<br>6100 North Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Deposed. |
| Sam McCaskill | Sam McCaskill<br>Nomac Drilling Co.<br>c/o Chesapeake Energy<br>6100 North Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Deposed. |
| Paul M. Earl, Jr.<br>Professional Engineer<br>Senior Consultant | Rimkus Consulting Group<br>8 Greenway Plaza, Suite 500<br>Houston, TX 774046<br>(713) 621-3550 | Mr. Earl will provide expert testimony regarding the capability of the TXD 180 rigs; safety factors; industry standards and engineering standards applicable to the rigs; and the ability of the rigs to safety perform the requirements of the drilling contracts. |
| Richard Thompson | Chesapeake Energy Corp.<br>6100 N. Western Avenue<br>Oklahoma City, OK 73118<br>(405) 848-8000 | Deposed. |

8.    **ESTIMATED TRIAL TIME.**  For Damages: <u>1 day</u>

9.    **BIFURCATION REQUESTED.**          ☐ Yes     ☒ No

10.   **POSSIBILITY OF SETTLEMENT:**   ☐ Good   ☒ Fair   ☐ Poor

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

SUBMITTED February 1, 2008.

Respectfully submitted,

s/Jesse R. Pierce
Jesse R. Pierce, *pro hac vice*
Texas Bar No. 15995400
Federal I.D. Number 472
KING & SPALDING LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3200  Telephone
(713) 751-3290   Fax
jpierce@kslaw.com

MICHAEL G. HARRIS, OBA #3903
FRED R. GIPSON, OBA #14236
P.O. Box 18496
Oklahoma City, OK  73154-0496
(405) 879-3195 - Harris
(405) 879-9346 - Gipson
(405) 879-9531 - Fax
mharris2@chkenergy.com
fgipson@chkenergy.com

ATTORNEYS FOR PLAINTIFF


s/Terry W. Tippens (w/permission)
Terry W. Tippens, OBA #9027
Mark K. Stonecipher, OBA #10483
Lance E. Leffel, OBA #19511
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-8820
(405) 232-0621  Telephone
(405) 232-9659  Fax
ttippens@fellerssnider.com
mstonecipher@fellerssnider.com
lleffel@fellerssnider.com

ATTORNEYS FOR DEFENDANT

600240

30