# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHESAPEAKE ENERGY CORPORATION, An Oklahoma corporation, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:07-cv-00318-C |
| TXD SERVICES LP, a Texas limited Partnership, | )<br>) |
| Defendant. | ) |

## DEFENDANT, COUNTER-PLAINTIFF TXD SERVICES, LP'S REQUESTED SUPPLEMENTAL JURY INSTRUCTIONS

Defendant, Counter-Plaintiff TXD Services, LP ("TXD") hereby submits its requested supplemental jury instructions.

Respectfully Submitted,

s/ Lance E. Leffel
Terry W. Tippens, OBA #9027
Mark K. Stonecipher, OBA #10483
Lance E. Leffel, OBA #19511
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-8820
(405) 232-0621: Telephone
(405) 232-9659: Facsimile
*ttippens@fellerssnider.com*
*mstonecipher@fellerssnider.com*
*lleffel@fellerssnider,com*

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of February, 2008, I electronically transmitted the foregoing to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to those parties registered for ECF in this case: Jesse R. Pierce, Michael G. Harris and Fred R. Gipson.

                                                        s/ Lance E. Leffel
                                                        Lance E. Leffel

430518/73953

# REQUESTED SUPPLEMENTAL JURY INSTRUCTION NO. 1

## MITIGATION OF DAMAGES - BURDEN OF PROOF

The determination of whether TXD acted in good faith or reasonably in leasing Rig 201 to other parties is a question of fact and the burden of proving that TXD could have obtained more leases than it actually did rests on Chesapeake, the breaching party.

REFUSED      _____
GIVEN        _____
EXCEPTED     _____

AUTHORITY:

The Contract:  Paragraph 27.4

*Quality Truck Equipment Company v. Layman*, 912 S.W.2d 18 (Ark. App. 1995)

See Bench Brief submitted

# REQUESTED SUPPLEMENTAL JURY INSTRUCTION NO. 2

## MEASURE OF CONTRACT DAMAGES - THE BENEFIT OF THE BARGAIN

When a party to a contract is prevented from performing because of the other party's fault, the first party is entitled to recover his expectancy, that which he would have received or gained if the other party had carried out the contract. A party cannot escape liability for breach of contract by preventing the happening of a condition such as an ability to mitigate loss.

REFUSED    _____
GIVEN      _____
EXCEPTED   _____

AUTHORITY:

*Country Corner Food & Drug, Inc. v. Reiss*, 737 S.W.2d 672 (Ark. 1987)

*215 Club Inc. v. Devore*, 1992 Westlaw 110120 (Ark. App. 1992)

Howard W. Brill, Arkansas Law of Damages, Section 4-1 (2nd Edition 1990)

*Dickinson v. McKenzie*, 126 S.W.2d (Ark. 1939)

*Perkins v. Cedar Mountain Sewer Improvement District No. 43 of Garland County*, 199 S.W.3d 667 (Ark. 2004)

See Bench Brief submitted

# REQUESTED SUPPLEMENTAL JURY INSTRUCTION NO. 3

## MITIGATION OF DAMAGES - REASONABLENESS REQUIRED

A party to a contract is entitled to the benefit of that contract. The parties here agreed to contractual damages of $16,000 per day for two years upon early termination by Chesapeake. TXD agreed that it will credit operator any day rate revenue it earned from contracting the rig to another operator subsequent to said termination through the remainder of the two year term. This contractual duty is known as a duty to mitigate damages. TXD therefore is required to credit Chesapeake for any days it was able, through good faith or reasonable efforts, to contract the rig to other operators. Furthermore, where the circumstances created by the breach of the contract require the non-breaching party to incur significant expense or circumstances that make mitigation impracticable or impossible then the duty to mitigate damages has no application. A breaching party cannot benefit from its own conduct in preventing or hindering the ability of the non-breaching party to mitigate its damages.

REFUSED   _____
GIVEN     _____
EXCEPTED  _____

AUTHORITY:

*Country Corner Food & Drug, Inc. v. Reiss*, 737 S.W.2d 672 (Ark. 1987)

*Taylor v. George*, 212 S.W.3d 17 (Ark. App. 2005)

*Dickinson v. McKenzie*, 126 S.W.2d (Ark. 1939)

*Perkins v. Cedar Mountain Sewer Improvement District No. 43 of Garland County*, 199 S.W.3d 667 (Ark. 2004)

See Bench Brief submitted