IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHESAPEAKE ENERGY CORPORATION, an Oklahoma Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Number CIV-07-318-D |
| TXD SERVICES LP, a Texas Limited Partnership, | ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Defendant has filed a Motion for Prevailing Party Attorney's Fees. Therein, Defendant argues that it was the prevailing party in the litigation and under the terms of the contract it is entitled to recover attorneys' fees from Plaintiff. In support of the Motion, counsel for Defendant set forth the terms of the agreement with Defendant noting that the contract was "blended." Defendant agreed to pay counsel a reduced hourly rate plus a percentage of the amount recovered. Defendant states based on the hourly rate it paid counsel $192,989.00 plus a contingency amount of $1,975,837.60. Defendant argues it should recover this amount, $2,168,826.00, from Plaintiff.

Plaintiff agrees that Defendant is entitled to fees, that the hours expended by Defendant's counsel are reasonable and that the normal hourly rate charged by Defendant's counsel is reasonable. Thus, Plaintiff does not object to awarding Defendant $297,132.00

in attorneys' fees.[1] Plaintiff, however, objects to awarding Defendant any additional amount arguing after consideration of the applicable factors, the case does not warrant an enhancement of the lodestar amount.

"Arkansas Code Annotated section 16-22-308 (Repl. 1999) provides that the prevailing party in a civil action, including breach of contract, may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." Millwood-RAB Mktg., Inc. v. Blackburn, 236 S.W.3d 551, 557 (Ark. Ct. App. 2006).[2] Thus, Defendant is entitled to recover its fees. However, there is no fixed formula for determining a reasonable fee. Unlike many jurisdictions, Arkansas has never adopted the lodestar method for calculating a reasonable fee. See Lake View School Dist. No. 25 of Phillips County v. Huckabee, 10 S.W. 3d 892, 902 (Ark. 2000). Rather, under Arkansas law, the amount of the fee is to be determined by consideration of various factors. The factors to be considered are:

> (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney.

---

[1] *The discrepancy between the hourly rate sought by Defendant and that agreed to by Plaintiff arises from Plaintiff's agreement that counsel should be paid their regular hourly rate rather than the reduced rate billed to Defendant under the terms of the contract between counsel and Defendant.*

[2] *The parties agree that Arkansas law governs the attorneys' fees determination. The Court finds this position correct. See Matter of King Resources Co., 651 F.2d 1349, 1353 (10th Cir. 1981) ("Thus in diversity cases generally, and certainly in this circuit, attorney fees are determined by state law and are substantive for diversity purposes.").*

Phi Kappa Tau Housing Corp. v. Wengert, 86 S.W.3d 856, 860 (Ark. 2002). Thus, the Court must determine a reasonable fee based on consideration of the above factors. Nevertheless, the Court agrees with Plaintiff that calculating the traditional lodestar fee is a valid starting point when considering a reasonable fee in this case. The parties are in agreement that the lodestar method results in attorney fees of $297,132.00. The Court, as stated, will consider the eight factors recognized by Arkansas law to arrive at the appropriate fee award in this case.

Defendant's attorneys are clearly experienced and capable. They efficiently and effectively handled the issues raised in the litigation and represented their client capably. Plaintiff argues that the experience of counsel is recognized and accounted for in their regular hourly rates. However, such reasoning could be advanced in every case, negating this recognized factor. Clearly here the skill and experience of counsel militate in favor of an enhancement beyond the lodestar fee.

Considering the time spent on the matter the Court finds it was appropriate. While the issues in the case were relatively straightforward, they necessarily required a substantial number of hours of work. Thus, the Court finds no need to reduce the hours counsel claims, and the substantial time necessarily involved in the case establishes that this factor, too, should be considered in arriving at a reasonable rate.

The amount in controversy here was substantial and the result obtained everything requested. However, regarding the next factor (complexity of the case), the issues in the case were fairly plain – what the language of the contract was and what that language

required of the parties.  Indeed, once the contract issue was decided on the summary judgment motions, a portion of the ultimate award was essentially automatic.

Contingency agreements permit a sharing of risk between counsel and client.  The presence of this factor in the calculus of a reasonable fee award recognizes that risk.  Here, however, counsel hedged somewhat against that risk by entering into a blended fee agreement.  Thus, while this factor is present for consideration in this case, it is present to a lesser degree than in a straight contingency fee engagement.

With respect to the remaining factors – the time limitations imposed by the case and the likelihood that the engagement will preclude other employment of counsel – the Court finds that such factors are not sufficiently present in this case to merit serious consideration. Defendant's counsel are part of a relatively large law firm which presumably has the ability to handle multiple engagements simultaneously.  Further, in light of the blended fee agreement in this case as previously discussed, counsel did not completely forego hourly fee revenue by taking on this engagement.

Although Defendant requested a hearing, based on Plaintiff's acquiescence in the hourly rates and hours worked which the Court has used to calculate the traditional lodestar fee amount as a starting point for consideration of the <u>Wengert</u> factors, a hearing would involve only counsel's arguments regarding the Court's exercise of discretion in the application of those factors, which arguments have already been addressed in their briefs. Thus, the Court concludes that no hearing is necessary.

Based upon the Court's application of the Wengert factors present in this case, the Court concludes that a fee greater than the traditional lodestar (the calculation resulting from the multiplication of regular hourly rates by hours reasonably expended) is warranted here. However, the Court agrees with Plaintiff that the fee sought by Defendant, $2,168,826.00, is unreasonable under the circumstances.

The Court concludes that a $104,143.00 increase, or enhancement, of the traditional lodestar calculation, resulting in an attorneys' fee award of $401,275.00, is reasonable and appropriate in this case. The amount of the increase – $104,143.00 – represents the difference between the reduced hourly rates and the regular hourly rates of Defendant's counsel. The addition of this amount to the presumptively reasonable fee proposed by Plaintiff adequately takes into account the *Wengert* factors, and particularly takes into account the risk assumed by Defendant's counsel in taking on this blended fee engagement.

For the reasons set forth herein, Defendant TXD Services, L.P.'s Motion for Prevailing Party Attorney's Fees (Dkt. No. 146) is GRANTED. Defendant is entitled to recover $401,275.00 in attorneys' fees from Plaintiff.

IT IS SO ORDERED this __24th__ day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE